**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JAMES EVERETT DUTSCHKE**                                                  **MOVANT**

**V.**                                                           **NO. 1:13CR81-SA**

**UNITED STATES OF AMERICA**                                    **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Movant, James Everett Dutschke, proceeding *pro se*, filed a motion styled as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The government has submitted a response to Dutschke's motion, and Dutschke has replied thereto.  Having considered the pleadings and the record, including the relevant parts of Dutschke's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that the instant motion will be dismissed.

### Background Facts and Relevant History

On April 27, 2013, James Everett Dutschke was arrested and charged with the possession and use of ricin in violation of 18 U.S.C. § 175(a).  He was accused of mailing threatening letters to the President of the United States, a United States Senator, and a Mississippi judge.  On May 30, 2013, a grand jury returned a five-count indictment against Dutschke charging him with mailing threatening communications and for attempting to frame another individual for his

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief.  *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).  It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence.  *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982).  Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

crimes.

According to the government, on June 13, 2013, an inmate at the Lafayette County Detention Center, where Dutschke was also held, informed his attorney that Dutschke might be attempting to have ricin manufactured and mailed to the same intended victims and Assistant United States Attorney Chad Lamar, the lead prosecutor on Dutschke's case. The inmate's attorney contacted the FBI, who, after an initial investigation, determined that AUSA Lamar was not a target, but that the threat against the other individuals required further investigation. Days later, Dutschke spoke to the inmate's girlfriend via telephone, attempting to obtain her assistance in acquiring the materials to make ricin and her cooperation in mailing letters containing ricin to the above individuals. Dutschke informed the girlfriend that he would mail her two letters — one containing the ricin recipe and one containing the template for the threatening letters. The call was recorded by the Lafayette County Detention Center. The letters were intercepted, and FBI experts opined that the recipe was valid and would produce a substance containing ricin. Dutschke was temporarily placed in solitary confinement for violating the facility's policies. Shortly after his release into general population, Dutschke was again recorded on the detention center's system attempting to persuade his wife and step-daughter to intimidate a juvenile, who was a prosecution witness against him in a State criminal case where he had been indicted on multiple molestation charges.

On September 5, 2013, the government was advised by an inmate that Dutschke was attempting to gain the inmate's assistance in a murder-for-hire scheme to kill FBI Special Agent Stephen Thomason, a lead case agent on Dutschke's case. Letters sent by Dutschke through the cooperating inmate were seized and were consistent with the cooperating inmate's report.

Additionally, an analysis of Dutschke's conversations with his wife allegedly revealed numerous threats against Special Agent Thomason.

Based on these incidents, it was determined that there was a substantial risk that Dutschke's contact or communications could result in death or serious bodily injury to persons, and, pursuant to 28 C.F.R. § 501.3, Special Administrative Measures ("SAMs") were requested and were authorized by the United States Attorney General.  SAMs were implemented on October 10, 2013, to restrict Dutschke's access to mail, media, telephone, and visitors.

A superseding indictment was returned on November 20, 2013, which incorporated as an additional count the above-mentioned scheme of having another inmate's girlfriend produce and mail ricin on Dutschke's behalf.  Dutschke pleaded guilty to the first four counts of the superseding indictment on January 17, 2014.  During his initial sentencing hearing on May 13, 2014, Dutschke read part of a thirty-seven page statement, in which he accused Special Agent Thomason, and AUSAs Chad Lamar and Clay Joyner of perjury and various underhanded tactics.  In fact, he had to be admonished to address the Court and not AUSA Lamar.  The hearing was halted in order to give Dutschke the opportunity to make a motion to withdraw his guilty pleas.

Ultimately, Dutschke elected to go forward with sentencing, and on May 19, 2014, he received a sentence of twenty-five years to be served in federal custody.  Dutschke, currently incarcerated in Kentucky, subsequently filed this motion, challenging the imposition and renewal of SAMs, which he alleges have isolated him, restricted his rights, and rendered him incapable of pursuing an appeal in this case.  The Court subsequently ordered the government to respond to Dutschke's allegations, and the government complied.  The government maintains that the

3

instant petition is actually a petition pursuant to 28 U.S.C. § 2241 that Dutschke has filed in the wrong district, and they otherwise argue that he attempts to challenge conditions of confinement, which is not proper in a habeas action. Finally, they maintain that the SAMs were authorized by the Attorney General pursuant to federal regulation, and that they were warranted under the facts of the case.

## Discussion

The instant petition attacks the execution of Dutschke's sentence and not his underlying criminal conviction; thus, a petition pursuant to 28 U.S.C. § 2241 is the more appropriate avenue for the relief sought by Dutschke. *See, e.g., Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (holding that § 2255 is means of collaterally attacking federal conviction and sentence while § 2241 is used to attack the execution of a sentence ). The Court cannot simply construe the instant filing as a § 2241 petition, however, as a petition pursuant to 28 U.S.C. § 2241 must be filed in the district where the prisoner is confined. *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("[W]e have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition"). Dutschke is currently in custody at USP McCreary in the Eastern District of Kentucky. This Court, therefore, lacks jurisdiction to review his claims.

Because Dutschke was sentenced in this District, the Court does have jurisdiction to preside over a motion filed pursuant to 28 U.S.C. § 2255. Dutschke states in his filings, however, that he is not alleging errors attacking the validity of the Court's sentence. Rather, Dutschke alleges that his confinement violates his constitutional rights, and as such, he is challenging the conditions of his confinement rather than any underlying validity of his

4

conviction. Accordingly, his petition cannot be considered pursuant to § 2255. *See, e.g., Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (holding that errors alleged to have occurred before or during sentencing are properly addressed in a § 2255 petition).

Though it is not critical to the Court's resolution of this matter, the Court notes that SAMs are non-punitive measures, authorized by the Attorney General when it is determined that they are "reasonably necessary to protect persons against the risk of death or serious bodily injury." 28 C.F.R. § 501.3(a). The background of this case, as laid about by the Court, demonstrates that Dutschke has threatened various individuals (and attempted to frame another) even while he has been in federal custody. Assuming, *arguendo*, that the Court did have jurisdiction to consider Dutschke's petition, Dutschke has not stated a valid objection to the implementation of SAMs with regard to his federal custody.

Accordingly, the instant petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO ORDERED**, this the 2nd day of March, 2015.

 /s/ Sharion Aycock 
**U.S. DISTRICT JUDGE**

5