AO 243 (Rev. 5/85)   MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District _Northern District of Mississippi_ | |
|---|---|---|
| Name of Movant _James Everett Dutschke_ | Prisoner No. _15536-042_ | Case No. |
| Place of Confinement _Florence Colorado, ADX_ | | |

UNITED STATES OF AMERICA   v.  _James Everett Dutschke_
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _Northern District of Mississippi, Oxford MS / Aberdeen, MS_

2. Date of judgment of conviction _April 17th 2014_

3. Length of sentence _300 months_

4. Nature of offense involved (all counts) _18 USC §175 - Prohibitions of Biological weapons, 18 USC §876 and 18 USC §871 (threatening communications)_

_For the purposes of this 2255 motion, I am appealing the 175 conviction_

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☑ _Plea Agreement_
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _N/A_

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐   _N/A_
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☑

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _____ N A _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☑ No ☐

11. If your answer to 10 was "yes", give the following information:

    (a) (1) Name of court _____ Northern District of Mississippi, Oxford _____

    (2) Nature of proceeding _____ Habeas to enforce terms of breached plea agreement _____

    (3) Grounds raised _____ The binding plea agreement was breached — ("No further prosecution") _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☑

    (5) Result _____ Prosecutors claimed original jurisdiction incorrect — should be in current jurisdiction _____

    (6) Date of result _____ Jan or February 2015 _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____ Northern District of Mississippi, Oxford _____

    (2) Nature of proceeding _____ Habeas to return legal casework held by U.S. Marshals for over a year. _____

    (3) Grounds raised _____ Interference with Due Process. Not allowing me my casework is an insurmountable government impediment to appeal. It has been a year! _____

(3)

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☑

    (5) Result     No response at all.

    (6) Date of result

  (c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☐ No ☑
    (2) Second petition, etc.   Yes ☐ No ☑

  (d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    I've gotten no answer on the second, and the jurisdiction of the first has changed after transfer, (court considered the first as a 2241)

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Highly Prejudicial Citation error resulting in gross miscarriage of Justice.

Supporting FACTS (state *briefly* without citing cases or law) Accused of manufacturing Ricin Toxin under 18 USC §175. Ricin Toxin, however, is NOT a biological weapon but a chemical one (according to anyone with common sense and according to the U.S. Government). This error dramatically affected the proceedings and the outcome, as explained in the accompanying memo, as a chemical weapons violation requires specific elements not met by the facts.

B. Ground two: Actual Innocence (cannot be waived.)

Supporting FACTS (state *briefly* without citing cases or law): The actual evidence can NOT support a conviction of the statute, as it is written, as a matter of law. The measured and confirmed toxicity/purity levels of the substance do NOT meet the required threshold to support a conviction. The legal threshold is 100 milligrams of Ricin Toxin. The measured final analysis was but a few MICROgrams and forensic tests proved there was NO toxic substance at all, as explained in the accompanying memo.

C. Ground three: Federal Jurisdiction of the Statute does NOT reach conduct.

Supporting FACTS (state *briefly* without citing cases or law): The statutes intent is prosecuting actual acts of true Biological Warfare under the Biological Weapons Convention, an international treaty. The intent of the statute and the specific language of the statute does NOT allow for prosecution of a hoax or a NON toxic, NON viable harmless substance this was revealed to be, as explained in the accompanying memo.

(5)

E - Ground Five -

The statute itself is unconstitutional and an inarguable failure, a miscarriage of justice.

Supporting Facts - Treaty Power cannot be used to criminalize legal and domestic behavior. The NON toxic, domestic letters can not be subject to an international treaty about Biological warfare. Treaty power is limited only to matters of foreign intercourse.

AO 243 (Rev. 5/85)

D. Ground four: <u>Ineffective Assistance of Counsel</u>

Supporting FACTS (state *briefly* without citing cases or law): Counsel did not investigate the very statutes he was supposed to defend against. Despite the Petitioner's specific objections and direction to do so, Counsel never discovered that the Government specifically considered Ricin Toxin a Chemical, not Biological, weapon. Counsel's failure to learn the actual statutes and regulations specific to Ricin (a schedule 1 chemical), to move to Daubert hearings and dismiss after it was revealed there was no Ricin Toxin, to allow for a vague indictment, to not move to dismiss for constitutional grounds and for total lack of evidence led to a dramatically different outcome as described in the accompanying memo.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

— NA —

see attached sheet for ground five, also discussed in real detail in the accompanying memo.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing   George Lucas, Gregory Park

(b) At arraignment and plea   George Lucas, Gregory Park
    change of plea — Ken Coghlan

(c) At trial   NA

(d) At sentencing   Ken Coghlan.

AO 243 (Rev. 5/85)

    (e) On appeal        NA

    (f) In any post-conviction proceeding     NA

    (g) On appeal from any adverse ruling in a post-conviction proceeding
         − NA

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☑

    (a) If so, give name and location of court which imposed sentence to be served in the future:   18 § 871, 876
       There is no future sentence, however I cannot appeal the convictions of the threatening communications until after my casework is returned.

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐   NA - however, Yes. I will attack the convictions of 871 and 876 whenever the government returns my legal casework.

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Set aside the conviction of 18 § 175

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

April 14th, 2015
(date)

_____
James Everett Putschke
Signature of Movant

(7)

